United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| PAUL JONDLE, ) | 12-10122-NMG |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

I. Introduction

In April, 2012 Paul Jondle was indicted for tax evasion and corrupt interference with the administration of the Internal Revenue Laws. After being deemed indigent, a Federal Defender was appointed to represent him in May, 2012. During the course of the following two and a half years, the Court allowed 17 motions for excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, all of which were filed by the government. Based on reasons stated in the motions each of those motions was, however, filed at least partially for the benefit of the defendant.

Shortly before this case was set to go to trial in February, 2015, the Federal Defender moved to withdraw from the case at Jondle's request citing "a complete breakdown in their relationship". The Court allowed the motion and appointed

- 1 -

Jondle new counsel. In May, 2015, Jondle sought leave to retain his own counsel, his indigency having apparently been overcome, and the Court again permitted his appointed counsel to withdraw.

In September, 2015 Jondle's current counsel filed a motion to dismiss the indictment, asserting that defendant had been denied his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act due to the Court's allowance of the motions for excludable delay. This Court denied that motion, citing the fact that Jondle, through his successive counsel, had assented to each of the motions for excludable delay and that

> most of [the motions] were for defendant's benefit and all of [them] were allowed by this Court.

Jondle, through his counsel, has now filed the pending motion for reconsideration of that ruling.

## II. Defendant's Jondle's Consent to the Motions for Excludable Delay

Jondle first argues that the exclusion of time at the request of his Federal Defender and appointed counsel violated the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-74, because the Court failed to obtain express permission from defendant personally, either through oral colloquy or written waiver. That assertion has been squarely rejected by the United States Court of Appeals for the First Circuit ("the First Circuit"). See United States v. Gates, 709 F.3d 58, 65-66 (1st

2

Cir. 2013) (holding that a defendant's attorney may seek a continuance and the exclusion of time under the Speedy Trial Act without first obtaining the defendant's personal consent). It is also contrary to the plain text of the Speedy Trial Act, which permits exclusion of periods of delay

> resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government.

18 U.S.C. § 3161(h)(7)(A). As such, no express permission from the defendant himself was required for his attorneys to assent to the motions to exclude time.

### III. The Court's Reasons for Allowing Exclusions of Time

Jondle next contends that the Court violated his rights under the Speedy Trial Act by excluding time without properly justifying its reasons for doing so. He is correct that the Speedy Trial Act requires the Court to

> set[] forth . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. 3161(h)(7)(A). The First Circuit, however, has held that this requirement has been fulfilled where it is "clearly obvious" that in allowing the motion to exclude time the Court adopted the grounds proposed in that motion. See United States v. Pakala, 568 F.3d 47, 60 (2009). In this case, each of the motions for excludable delay set forth reasons to support a

finding that the motion served the ends of justice and the Court clearly adopted those reasons in the process of allowing each motion.

### IV. Sixth Amendment Violation

To determine whether the defendant's Sixth Amendment right to a speedy trial has been violated, the Court conducts a balancing test in which it weighs four factors: 1) the length of the delay of the trial, 2) the reasons given by the government to justify the delay, 3) the defendant's assertion of his right to a speedy trial and 4) the resulting prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Jondle is correct to point out that the extended period of time that his case has been pending since his indictment is significant. However, that period is not long enough to be "presumptively prejudicial," id., and therefore the Court must weigh that fact against the other three factors elucidated by the Supreme Court. In this case, the grounds for nearly every motion to exclude time was for the Jondle's benefit, including delays to allow his counsel to review produced discovery, to afford continuity of counsel in light of his attorney's maternity leave and to allow newly-appointed counsel time to prepare for trial after Jondle himself requested a substitution.

Furthermore, the inconsistency between defendant's prior requests and his current predilection is conspicuous. After

either requesting or assenting to 17 separate motions for excludable delay, the defendant now avers that the allowance of those motions was prejudicial. Given that the Court allowed the delays primarily for defendant's benefit, the contention is disingenuous and unpersuasive. See Pakala, 568 F.3d at 60.

### ORDER

For the foregoing reasons, defendant Jondle's motion for reconsideration (Docket No. 111) of his motion to dismiss for lack of a speedy trial (Docket No. 103) is **DENIED**.

**So ordered.**

>                       /s/ Nathaniel M. Gorton
>                       Nathaniel M. Gorton
>                       United States District Judge

Dated October 1, 2015