United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| PAUL JONDLE, | ) | 12-10122-NMG |
| | ) | |
| Defendant. | ) | |

MEMORANDUM & ORDER

GORTON, J.

On April 12, 2012 defendant Paul Jondle was indicted on three counts of tax evasion and one count of attempt to interfere with the administration of the Internal Revenue Laws. On October 23, 2015, Jondle pled guilty to all four counts of the indictment. Defendant is currently scheduled to be sentenced on January 29, 2016.

On January 7, 2016, defendant's counsel filed the pending motion for an evaluation and hearing to determine defendant's mental competency. In the motion, counsel also requested that the examination be videotaped, that a second examination by the psychiatrist or psychologist of defendant's choice be funded by CJA funds and that the sentencing be continued until after the Court has made a determination as to defendant's competency. For the reasons explained below, the motion will be denied.

- 1 -

I.  **Legal Standard**

The Court will grant a motion for a hearing to determine the mental competency of a defendant

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241.

If such a hearing is warranted, the Court is to designate a psychiatrist or psychologist to conduct the examination. Id. § 4247(b). In the event the defendant is then serving a sentence, is in custody but due for release or is a sexually dangerous person, the defendant may also select a psychiatrist or psychologist to conduct an additional examination. Id. (limiting this option to circumstances in which the motion was filed under 18 U.S.C. §§ 4245, 4246 or 4248).

In addition, if the defendant is committed pursuant to the motion to determine competency, the Court may order the video recording of any testimony or interview of the defendant upon which periodic reports to the Court are based. Id. §§ 4247(e)&(f).

II. **Analysis**

In support of his contention that defendant may now be suffering from a mental disease or defect, defense counsel

offers vague assertions regarding the nature of recent interactions with his client as well as defendant's recent disclosure of a history of alcohol abuse. Taken together, these claims are insufficient to provide the Court with reasonable cause to order a mental competency evaluation.

Defendant was evaluated by a psychologist, Dr. Catherine L. Leveroni, in connection with this case in November, 2014. Dr. Leveroni found that defendant presented no "significant cognitive dysfunction" and no signs of a neurodegenerative condition. She noted that while Jondle displayed a lack of effort in engaging with the testing, indicating that the results may not have reflected his highest capacities, the tests results still indicated that he was of "at least average intelligence" and that he had "at least average capacity for verbal and non-verbal reasoning."

Further, at defendant's change of plea hearing on October 23, 2015, after a thorough colloquy, the Court found that he was fully competent and capable of entering an informed plea. The defendant confirmed that he was not under the influence of any drug, medication or alcoholic beverage of any kind and that he fully understood the charges against him, the rights he was waiving and the potential consequences of his plea.

There is no reason to believe that defendant's mental state has changed since either his mental examination or his change of

plea hearing. The assertion of defense counsel that during one meeting he found defendant "incapable of understanding or responding appropriately" is not supported by any specific observation as to how defendant's mental state was impaired.

Defendant's history of alcohol abuse also fails to supply reasonable cause. In his presentencing interview, defendant reported that he had been ordered to complete a treatment program for alcohol abuse after being arrested for driving while intoxicated 12 years ago. Although he stated that he had been worried about his alcohol use in the past, he reported that he currently has no such concern and that he has been able to abstain from alcohol use for months at a time.

Even if the Court were to find reasonable cause to order a competency examination, defendant does not qualify for a publically-funded, independent examination by an examiner of his own choice because he is not currently serving a sentence, in custody but due for release or a sexually dangerous person. 18 U.S.C. § 4247(b). The examination by the court-appointed psychiatrist or psychologist also would not need to be video recorded unless the Court ordered defendant to be committed pursuant to 18 U.S.C. § 4241(d). Id. §§ 4247(e)&(f).

**ORDER**

For the foregoing reasons, defendant's motion for an evaluation and hearing to determine his competency (Docket No. 143) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 19, 2016